JEWELL
*v.*
PORCHE.

---

THE POLICE JURY OF WEST BATON ROUGE *v.* HEBERT.

In an action by a police jury against a sheriff to recover the amount of taxes on suits placed in his hands for collection, plaintiffs are not bound to show the amount actually collected by him, as the measure of his liability. On proof by plaintiffs that,the lists of suits on which taxes were due were delivered to him as required by law, it is for him to account for the amount, and to show that, though due diligence has been used by him, he has been unable to collect.

APPEAL from the District Court of West Baton Rouge, *Burk*, J.

*H. W. Sherbourne*, for plaintiffs, cited Bull. and Curry's Digest, p. 776, s. 1. Ibid. 515, ss. 3, 4. *Police Jury* v. *Bullitt*, 8 Mart. N. S. 323. *Police Jury* v. *Fluker*, 1. Rob. 389. 1 Pothier, Oblig. 666. Civil Code, art. 3508.

*Deblieux* and *Labauve*, for the appellant.

The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs seek to make the defendant, a former sheriff of the parish, liable for the amount of taxes on certain suits. The lists of suits exhibited commence with dates as early as the year 1832, and run to September, 1843. The only witness examined was the clerk of the District Court, who went into office in June, 1835; and who states that while he remained in office

*The survey was made under an order of the District Court, in this case.

POLICE JURY
*v.*
HEBERT.

he regularly delivered every year to the sheriff the list of taxable suits. The testimony of this witness does not cover all the cases, the taxes for which are sued for; and it appears by the allegations of the petition that the sheriff went out of office in January, 1843. For the period antecedent to the appointment of the witness as clerk, there is no evidence that the lists of taxable suits were duly delivered to the sheriff. For the taxes accruing after he ceased to be sheriff, he could not be liable. Under the evidence it is left uncertain whether the list for the year 1842 was placed in his hands; for by the statute the list of each year was directed to be delivered to the sheriff, in the month of January of the succeeding year. See act of 24th March, 1823. We are also uninformed as to the amounts claimed in the District Court suits, instituted after the passage of the act of the 8th March, 1841. Sess. acts. p. 71.

In this loose state of the evidence we are unable to test the accuracy of the amount at which the court below fixed the liability of the defendant, and therefore remand the cause. In doing so we think proper to state that, we cannot concur in the argument of defendant's counsel, that the burden is on the plaintiffs to show what amount the sheriff actually collected, as the standard of his liability. Upon proof by the plaintiffs that the lists as prescribed by law have been duly delivered to the sheriff, the burden is upon him to account for the amounts thereof, and to show that, notwithstanding the exercise of due diligence, he has been unable to collect.

It is therefore decreed that the judgment of the court below be reversed, and that this cause be remanded for further proceedings according to law; the costs of this appeal to be paid by the plaintiffs.